**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DAVID LEE GEATHERS,

Petitioner,

v. Case Nos.: 3:24-cv-25-TJC-PDB
3:21-cr-48-TJC-PDB

UNITED STATES OF AMERICA,

Respondent.

---

**ORDER**

This case comes before the Court on review of the case file. This action was initiated in 2024 when a third-party federal prisoner submitted a pro se motion under 28 U.S.C. § 2255 on behalf of David Lee Geathers. Civ. Doc. 1. Geathers currently serves 80 months for conspiracy to distribute controlled substances and using a firearm in furtherance of a drug trafficking crime. Because this action was initiated by a pro se, third-party federal prisoner who lacks "next friend" standing and who otherwise lacks authority to act on Geathers's behalf, this action must be dismissed for lack of jurisdiction. See Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974–75 (11th Cir. 2005) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking[;]" and once a federal court

determines that it lacks jurisdiction, "the court is powerless to continue[.]") (quotations omitted); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## I. Background

In 2022, Geathers pleaded guilty to conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(b)(1)(C), and 846, and using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Crim. Doc. 348. Geathers was sentenced to 20 months for the conspiracy charge and a consecutive 60 months for the firearm charge, for a total term of 80 months. Crim. Doc. 443 at 2. Publicly-available records from the Federal Bureau of Prisons show that Geathers is currently housed at the Residential Reentry Management field office in Orlando, Florida, and is scheduled for release on March 3, 2027.[1] See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed November 20, 2026).

In 2024, a motion under 28 U.S.C. § 2255 was filed on behalf of Geathers challenging his convictions and sentence. Civ. Doc. 1. The § 2255 motion was prepared by, and mailed to the Court from, another federal prisoner named

[1] Geathers was sentenced to a term of three years of supervised release upon completion of his term of incarceration. Crim. Doc. 443 at 3.

Tanya M. Legg, who, at the time of filing, was incarcerated at the Federal Correctional Institution in Tallahassee, Florida ("FCI Tallahassee"). Civ. Doc. 1 at 13; Civ. Doc. 1-20 at 1 (mailing envelope). Upon receipt of the motion and attached exhibits, the Clerk opened this civil action. The § 2255 motion raises twelve grounds for relief and seeks a vacatur of Geathers's convictions and sentence. Civ. Doc. 1.

Legg signed her name on the final page of the standard form where the "Signature of Movant" is required. Civ. Doc. 1 at 13. Underneath the signature line, the standard form prompts the signatory, "If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion." Id. In response to this prompt, Legg answered, "I am a friend of the movant and also a Paralegal student. Due to the movant's lack of knowledge and ability to write legal matters, I agreed to write movant David Geathers's motion." Id.

Upon initial consideration of the § 2255 motion, the Court inadvertently overlooked that the motion was not filed by, or signed by, Geathers, and that Legg purported to act as Geathers's "next friend."[2] In accord with Rule 4(b),

---

[2] If the Court had conducted a "next friend" analysis upon receipt of the § 2255 motion, the Court could have summarily dismissed the § 2255 motion or refused to file it. See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."); Francis v. Warden, FCC Coleman-USP, 246 F. App'x 621, 622 (11th Cir. 2007) (observing that "the district court should have refused to file" a habeas petition submitted by a purported "next friend" when the petition did not show that the real party in interest

Rules Governing Section 2255 Proceedings for the United States District Courts, the Court ordered the United States to explain why the relief sought in the § 2255 motion should not be granted. Civ. Doc. 3. The order was mailed—not to Legg at FCI Tallahassee—but to Geathers at his then-current place of incarceration at the Coleman Low, Federal Correctional Institution, in Sumterville, Florida ("FCI Coleman Low").

On April 12, 2024, the United States filed its response in opposition to the § 2255 motion and argued that Geathers was entitled to no relief because the claims were meritless. Civ. Doc. 5. In that response, the United States emphasized that Geathers neither signed nor filed the § 2255 motion but took "no position" regarding whether Legg could proceed on Geather's behalf.[3] Civ. Doc. 5, n.5.

On June 5, 2024, the Court ordered Geathers to reply to the United States' response or to notify the Court that he does not intend to file a reply. Civ. Doc. 6. That order was mailed to Geathers at FCI Coleman Low and was not returned as undeliverable. Geathers filed no reply or notice.

---

could not prosecute the action on his own behalf); Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978) (affirming the district court's refusal to file a habeas petition that was submitted by a "next friend" when the petition did not establish any reason or explanation of the necessity for resort to the "next friend" device, and no such reason or explanation appeared in the record).

[3] "[Courts] are obliged to consider questions of standing regardless of whether the parties have raised them." Bochese, 405 F.3d at 975.

## II. Discussion

"In habeas corpus cases, courts have long permitted a next friend to proceed on behalf of a prisoner who is unable to seek relief himself." Lonchar v. Zant, 978 F.2d 637, 641 (11th Cir. 1992).[4] "Congress expressly codified this next friend standing in 1984 by allowing for application for a writ of habeas corpus 'by the person for whose relief it is intended or by someone acting in his behalf.'" Id. (quoting 28 U.S.C. § 2242 (1988)).

"However, next friend standing is not without limit." Id. Limitations on representative standing to pursue habeas corpus relief "are driven by the recognition that it was not intended that the writ of habeas corpus should be availed of, as a matter of course, by intruders or uninvited meddlers, styling themselves next friend." Whitmore v. Arkansas, 495 U.S. 149, 163 (1990) (quotations omitted). "'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Id. Instead, "at least two firmly rooted prerequisites [apply] for 'next friend' standing":

[4] See McFarland, 512 U.S. at 856–58 (noting that "[t]he terms 'post conviction' and 'habeas corpus' also are used interchangeably in legal parlance to refer to proceedings under § 2254 and § 2255" and statutes providing for post-conviction relief should, unless context mandates otherwise, "be read in pari materia"); Reed v. Farley, 512 U.S. 339, 353 (1994) ("[Section] 2255 was intended to mirror § 2254 in operative effect."); see Jones v. United States, 304 F.3d 1035, 1042 (11th Cir. 2002) (observing that "federal courts have extrapolated from and interchanged § 2255 and § 2254 decisions").

> First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interest of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

Id. "The burden is on the 'next friend' to clearly establish the propriety of his status and thereby justify the jurisdiction of the court." Id. at 164.

Moreover, "next friend" standing "does not entitle the representative to pursue the case pro se." Coleman v. Unnamed Respondent, No. 4:16-cv-339, 2017 WL 619013, at *1 (S.D. Ga. Feb. 15, 2017) (citing Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978) ("[I]ndividuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law.")). "Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition." Francis, 246 F. App'x at 622 (citing Whitmore, 495 U.S. at 155–56.

Legg fails to satisfy her burden of clearly establishing the propriety of her purported "next friend" status. Her vague statement that Geathers "lacks [ ] knowledge and the ability to write legal matters" is insufficient to explain why Geathers—the real party in interest—cannot appear on his own behalf to prosecute this action. Furthermore, Legg does not show that she is truly dedicated to Geathers's best interests or that they share some significant

relationship. Indeed, after initiating this action, Legg filed no other papers with the Court to prosecute this action, such as a reply to the United States' response to the § 2255 motion, or a notice of change of address to facilitate timely receipt of papers filed in this action. Besides Legg's statement that she "agreed to write" the § 2255 motion on Geathers's behalf, nothing in the record evidences any relationship—must less a significant relationship—between Legg and Geathers. Accordingly, because Legg fails to satisfy her burden of establishing that she is entitled to "next friend" status, the Court lacks jurisdiction over this action, and it must be dismissed. See Francis, 246 F. App'x at 623 (concluding that, "without 'next friend' status, [the prisoner's sister] lacked standing under Article III to file the § 2241 petition, thus stripping the district court of jurisdiction over the petition.").[5]

However, Geathers should not be prejudiced by the improperly filed § 2255 motion. See Francis, 246 F. App'x at 623 (remanding the dismissed petition for the district court to "insure that [the prisoner] is not prejudiced by the dismissal of the improperly filed § 2241 petition"). Accordingly, the dismissal of this § 2255 action is without prejudice to Geathers filing a new §

[5] Furthermore, a motion under § 2255 must be signed "by the movant or by a person authorized to sign it for the movant." Rule 2(b)(5), Rules Governing Section 2255 Proceedings. And, absent "next friend" status, a non-attorney third party cannot proceed on behalf of a litigant. See 28 U.S.C. § 1654 (stating that "parties may plead and conduct their own cases personally or by counsel"). Nothing in the record explains Legg's authority to file this § 2255 motion on Geathers's behalf.

2255 motion, in a new case, with a new case number. Geathers may file a new § 2255 motion pro se or with counsel.

Geathers is advised that if he elects to initiate a new § 2255 action, the one-year statute of limitations may bar relief. See 28 U.S.C. § 2255(f). Therefore, Geathers should show that he is entitled to a renewed start of the limitation period under § 2255(f), that he is entitled to equitable tolling, or that he is actually innocent.

## III. Conclusion

This § 2255 action filed on behalf of Geathers is **DISMISSED** for lack of jurisdiction. Civ. Doc. 1. The dismissal is without prejudice to Geathers initiating a new § 2255 action, pro se or with counsel, by filing a § 2255 motion in a new case with a new case number. The Clerk is directed to **TERMINATE** any pending motions and to **CLOSE** this action. The Clerk is directed to **UPDDATE** the docket to reflect Geathers's current address at the Residential Reentry Management field office in Orlando and to **SEND** to Geathers the standard form for filing a § 2255 motion.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Geathers is not entitled to a certificate of appealability ("COA"). A prisoner moving under § 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district

court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Geathers must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Geathers is entitled to neither a certificate of appealability nor an appeal in forma pauperis.

A certificate of appealability is **DENIED**. Leave to appeal in forma pauperis is **DENIED**. Geathers must obtain permission from the circuit court to appeal in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of November, 2026.

Timothy J. Corrigan

TIMOTHY J. CORRIGAN
Senior United States District Judge

TpaP-5
C: David Lee Geathers, #46257-509
Counsel of record